**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3253-22

SB BUILDING ASSOCIATES,
LP, SB MILLTOWN
INDUSTRIAL REALTY
HOLDINGS, LLC, and ALSOL
CORP.,

     Plaintiffs-Appellants,

v.

THE PLANNING BOARD
OF THE BOROUGH OF
MILLTOWN, THE
BOROUGH OF
MILLTOWN, MILLTOWN
FORD AVENUE
REDEVELOPMENT AGENCY,
BORAIE DEVELOPMENT,
LLC, and MILLTOWN FORD
AVENUE REDEVELOPERS, LLC,

     Defendants-Respondents.

_____

Argued January 27, 2025 - Decided February 25, 2025

Before Judges Sabatino, Berdote Byrne, and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-6083-22.

Lawrence S. Berger argued the cause for appellants (Berger & Bornstein, LLC, attorneys; Lawrence S. Berger, Joseph J. Sergeant and Robert A. Bornstein, on the briefs).

Donna M. Jennings argued the cause for respondents Borough of Milltown and Milltown Ford Avenue Redevelopment Agency (Wilentz, Goldman & Spitzer, PA, attorneys; Donna M. Jennings, of counsel and on the brief; Jason A. Cherchia, on the brief).

Nicholas D. Hession argued the cause for respondent Planning Board of the Borough of Milltown (King, Moench & Collins, LLP, attorneys, join in the brief of Borough Of Milltown and Milltown Ford Avenue Redevelopment Agency).

Thomas R. Valen argued the cause for respondents Boraie Development, LLC and Milltown Ford Avenue Redevelopers, LLC (Gibbons PC, attorneys; Thomas R. Valen and Kevin H. Gilmore, on the brief).

PER CURIAM

This appeal in an action in lieu of prerogative writs arises from the eighth lawsuit brought by plaintiffs as owners of a 22.5-acre parcel in Milltown Borough. The property is designated for a redevelopment that would include the construction of 70 residential units on the site to help satisfy the Borough's affordable housing obligations.

The appeal concerns whether an October 24, 2022 ordinance modifying the redevelopment plan for plaintiffs' property was properly enacted and with adequate justification. The ordinance was adopted on the recommendation of the Borough's Planning Board.

Under the terms of the ordinance, the modified redevelopment plan would expand the open space on the property from four acres to eleven acres. It also would reduce the number of residential units planned on site from 350 to 300, while keeping 70 of those units designated for affordable housing. The eleven-acre portion to be preserved as open space is adjacent to a waterway. The redeveloper for the project, respondent Boraie Development, LLC, is amenable to those modifications, even though they are expected to reduce the project's profitability.[1]

The essential question before us is whether the October 24, 2022 ordinance is "substantially consistent" with the municipality's master plan or "designed to effectuate" the master plan's elements, as required by N.J.S.A.

---

[1] We were advised at oral argument that a related federal condemnation trial concerning the property has concluded, at which a jury reportedly valued the property at $25.65 million. According to counsel, certain post-verdict proceedings are taking place in the federal case, and an appeal may be filed. The federal case has no bearing on the issues now before us.

40A:12A-7(d) and N.J.S.A. 40:55D-62(a). Plaintiffs contend the ordinance fails to satisfy these statutory requirements.

In a twenty-five-page written opinion issued on May 22, 2023, Judge Thomas D. McCloskey ruled that the October 24, 2022 ordinance manifestly is substantially consistent with the 2019 master plan, including its "land use element," contrary to plaintiffs' assertions. We affirm that decision, essentially for the sound reasons expressed in Judge McCloskey's scholarly opinion. We add only a few comments.

Certain general principles of land use and redevelopment law guide the analysis. The Municipal Law Use Law ("MLUL") grants municipalities the power to enact a master plan and, if such a plan is enacted, to adopt associated ordinances. N.J.S.A. 40:55D-28 and 40:55D-62. A master plan must contain: "A statement of objectives, principles, assumptions, policies and standards upon which the constituent proposals for the physical, economic and social development of the municipality are based." N.J.S.A. 40:55D-28(b)(1). The master plan must also contain what is known as a land use plan "element," which must state its relationship to the principles previously identified, and to other adopted master plan elements. N.J.S.A. 40:55D-28(b)(2).

A-3253-22

With respect to open space, a municipality has statutory authority outside the MLUL to condemn property for such open space purposes, and it may exercise that authority even though it does not presently have a plan to devote the property to active recreational uses. Mount Laurel Tp. v. Mipro Homes, 379 N.J. Super. 358 (App. Div. 2005), aff'd, 188 N.J. 531 (2006).

As we have noted, the present case arises in the context of a redevelopment. The Local Redevelopment and Housing Law (the "LRHL") requires a determination of a redevelopment's consistency with the master plan. It provides that:

> All provisions of the redevelopment plan shall be either substantially consistent with the municipal master plan or designed to effectuate the master plan; but the municipal governing body may adopt a redevelopment plan which is inconsistent with or not designed to effectuate the master plan by affirmative vote of a majority of its full authorized membership with the reasons for so acting set forth in the redevelopment plan.
>
> [N.J.S.A. 40A:12A-7(d) (emphasis added).]

The LRHL specifies the procedures for approving or revising a redevelopment plan, and the local planning board's role in that process:

> Prior to the adoption of a redevelopment plan, or revision or amendment thereto, the planning board shall transmit to the governing body, within 45 days after referral, a report containing its recommendation

> concerning the redevelopment plan. This report shall include an identification of any provisions in the proposed redevelopment plan which are inconsistent with the master plan and recommendations concerning these inconsistencies and any other matters as the board deems appropriate. The governing body, when considering the adoption of a redevelopment plan or revision or amendment thereof, shall review the report of the planning board and may approve or disapprove or change any recommendation by a vote of a majority of its full authorized membership and shall record in its minutes the reasons for not following the recommendations.
>
> [N.J.S.A. 40A:12A-7(e) (emphasis added).]

The Legislature has not defined what is meant by "substantially consistent" with a master plan, but it is well known that "[w]hen construing legislation, in the absence of a specific definition, we give words their ordinary and well-understood meanings." Manalapan Realty, L.P. v. Twp. Comm. of Twp. of Manalapan, 140 N.J. 366, 383 (1995) (citations omitted). The plain meaning of "substantial" means "not imaginary or illusory: real, true," or "being largely but not wholly that which is specified." Mirriam-Webster Dictionary 1245 (11th ed. 2020). The "concept of 'substantially consistent' permits some inconsistency, provided it does not substantially or materially undermine or distort the basic provisions and objectives of the Master Plan." Manalapan Realty, L.P., 140 N.J. at 384.

Here, the modified redevelopment plan was adopted through an ordinance. Ordinarily, a governing body's adoption of ordinances does not require formal findings of fact, but its determinations must be adequately supported by the record. Powerhouse Arts District Neighborhood Ass'n v. City Council of Jersey City, 413 N.J. Super. 322, 332-33 (App. Div. 2010).

"[T]he burden of proof [is] placed on the plaintiff challenging the action" to show the municipal action was "arbitrary capricious, or unreasonable." Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015); See Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (such local decisions "enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion").

Applying these principles here, the trial court reasonably concluded the October 24, 2022 ordinance was substantially consistent with the master plan and was not arbitrary, capricious or unreasonable.

Among other things, the ordinance was well supported by expert testimony presented to the Planning Board explaining the rationale for the modifications to the site. Open space at the property was explicitly provided for within the land use element of the master plan. It is not inconsistent with that objective that the Planning Board sought to expand the open space element at

this location and further promote environmental values. The reduction in market units was reasonably adopted, in recognition of the reduction in land devoted to residential purposes.

As the trial court found, although the ordinance modifies the redevelopment plan from the version that had been previously set forth in 2019, it does so in pursuit of several of the stated objectives of the master plan (e.g., increase open space, improve sustainability, and provide affordable housing in the municipality). Among other things, the changes maintain the critical elements of open space and affordable housing without introducing any new, and potentially inconsistent, uses. Additionally, the changes pose no barrier to the completion of the redevelopment project, as the developer had previously agreed to continue the project with the reduction in residential capacity.

Plaintiffs argue the land use element within a master plan is distinct from its broad "general objectives" and that the Planning Board and governing body should have done more to justify the revisions to the project. But the 2019 master plan's land use element for this site was not etched in stone; instead, it used flexible language such as "anticipated" units and what was planned "at this time."

For the reasons elaborated at length by the trial court, we agree that plaintiffs failed to meet their considerable burden to invalidate the October 24, 2022 ordinance. We consequently affirm the trial court's denial of relief.

To the extent we have not mentioned them, all other arguments raised by plaintiffs on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3253-22